^Chancellor Gaillard
dissented. — There is but One question in this case, viz: Whether, under a bequest , of a female slave by name, hér issue, born between the making of the will and the death of the testator, passed to the legatee.
An enquiry into the civil law upon this subject appears to me wholly unnecessary, as our own law furnishes a rule of decision, and where our law speaks, the civil law is silent. A testator may, by will, dispose of property acquired subsequently to the making of it; but the property remains in him, and ■does, not till his death, vest in the legatee. Here a female glave, designated by name, is given; nothing is said of the issue, therefore no inference arises from the will that the issue should pass with the mother, dr it may be, with the grand mother; for if the issue of the mother pass, the issue of her issue will also pass, and a be.quest of one slave may carry forty or fifty. [Art extreme case, leading to false conclusions ut semper. — T. B.J The maxim, partus sequilar ventrem, does not apply. The Children.¡of a female slave are slaves, and belong to the owneV of. the mother, as the increase of any other female.animal be-Songs to him who owns her. As the testator owned the female slave, the children she .had after he made his will were his,- and he might have disposed of them to whom he pleased; he might have given them to any other person than the legatee to whom he bequeathed the mother: our law does not forbid it. [Nor does our'law enjoin .it, The present and every'similar question arises from the silence of the testator and of the law. — T. R.] The argument deriyed from the inhumanity of separation, may make us wish that the law were otherwise; but what the law is and what it ought to be, are very different considerations; the former of which only belong to this court. Under the code vsoir, husbands cannot be sold separately from their wives, nor *131 children of tender age from their parents, not so tinder ouf.law¿ In the bequest of the mother,, the issue are not necessarily com» prehendcd, and if the testator intended they should go with the mother, he has not used the words sufficient to pass them; if they do pass, it can only be as accessories. The interest of gt bond, accrued between the making of a will and the death of the testator, .passes, it is said, with the bond. It does so, bqt the interest is as much part of the bond as the principal. So,g child in ventre sa mere, will pass with the mother. .But if a testator has taken a note for the amount of interest on the bond bequeathed, that note does not pass to the legatee of '.the bond; it is separated from the bond, as is the child of which a. female slave has been delivered. [What! when still at the breast — T.B.J According to Domat, an accessory of a. thing bequeathed», which not being a part of the thing itself, has neverthelers .a connexion with it, will pass with the thing. The shoes of a horse will pass with the horse, and the frame of ,a picture with the picture; it is in relation to their use(a) that accessories are connected with principal things bequeathed. In this respect, children are not connected with the mother. [ (¿uere- — For if a new-born infant is suddenly separated from the mother,, the life of the latter would ,be endangered, at least by an overflow of milk — T. B.] The point now before us has.been decided i« North-Carolina, and I concur in that decision. I am of opinion that the issue do not pass under a bequest of the mother.

 “ the cÍTCUV'.sl¿mctí arce? «sages of Iheplace may help u$ to judge what ought to be considered as-accessories.” 2 Domat, 161; Lib. 1 v. Tit. 2; 2 Const. Dec. 25.